## In re Anonymous Nos. 37 D.B. 75 & 51 D.B. 75

Disciplinary Board Docket nos. 37 D.B. 75 & 51 D.B. 75.

HENRY, *Board Member*, December 7, 1977— Pursuant to Rules 218(c)(5) and 208(d) of the Pennsylvania Rules of Disciplinary Enforcement (rules), the Disciplinary Board of the Supreme Court of Pennsylvania (board) submits its findings and recommendations to your honorable court with respect to the above petition for reinstatement and petition for discipline.

### I. HISTORY OF PROCEEDINGS

On November 18, 1976, your honorable court en-

tered an order suspending respondent from the practice of law for the period of six months commencing December 18, 1976, with the right to apply for reinstatement after three months. The charges against respondent which resulted in the suspension involved, for the most part, the commingling of clients' funds with his own and the reduction of the bank balances from time to time to the point where there were not sufficient amounts to cover the clients' funds. On March 28, 1977, respondent filed a petition for reinstatement. On April 11, 1977, a petition for discipline was filed by disciplinary counsel and the two matters were consolidated for hearing pursuant to Rule 218(c)(2) of the Rules of Disciplinary Enforcement. The matter was assigned to hearing committee [   ] consisting of [   ], Esquire, Chairman, [   ], Esquire and [   ], Esquire. A pre-hearing conference and two days of hearings were held concluding on June 22, 1977. Respondent was represented at all times in these proceedings by [   ], Esquire. Following the filing of briefs, the committee filed its report recommending that the petition for discipline be dismissed and that respondent be reinstated. Exceptions were filed by disciplinary counsel and following receipt of reply briefs, the matter was considered by this board.

## II. DISCUSSION

This board and your honorable court have the benefit of an exceptional report by the hearing committee. Since we cannot improve upon it, and it is idle to attempt to restate the same, it is incorporated herein by reference. The discussion that follows is, therefore, in addition to, and not in lieu of the report of the hearing committee.

## A.  *Petition for Discipline*

The findings of fact by the hearing committee on this issue, which are adopted by this board as its own, establish that respondent commingled clients' funds with his own and converted the same to his own use. The original charges which resulted in respondent's suspension involved the same transgressions with respect to six estates during the same period of time. The hearing committee concluded that since the specific acts charged were part of the general pattern of conduct for which respondent was previously disciplined, no additional discipline should be imposed, particularly in view of the fact that the process of reinstatement has already almost doubled the original period of suspension. This board concurs in the conclusion of the hearing committee but feels that the proper approach would not be to dismiss the petition in view of the fact that there has been a violation of the Code of Professional Responsibility but to recommend instead a six month period of suspension to run concurrently with the suspension previously ordered by your honorable court to no. 135 Disciplinary Docket no. 1.

## B.  *Petition for Reinstatement*

The challenge made to respondent's petition for reinstatement by the office of disciplinary counsel falls principally into two areas: The totality of his withdrawal from the practice of law during the period of his suspension and the manner in which he handled certain personal real estate transactions. The facts with respect to the former are set out at length in the hearing committee's report and will not be repeated here. It is clear that respondent

took the necessary steps to eliminate all outward signs that he was engaged in the practice of law, including the removal of his name from the door, changing his stationery, and changing the manner in which his phone was answered. He also substantially complied with the requirements that notice be given to his existing clients. Respondent, however, did continue to come into the office for a few hours a day and utilized the services of his former secretary whose salary was partially paid by another attorney. As a result of this arrangement, certain transactions occurred which were questioned by disciplinary counsel. We would agree that the situation was not pristine. The hearing committee determined that the questionable situations arose because of lack of communication between respondent, his secretary, and the attorney who was to handle the work and not as the result of any deliberate attempt of respondent to evade the requirements of his suspension. Respondent received no economic benefit from these transactions. Respondent sent notices of his suspension to clients for whom he was currently providing services. Notice was also published as required by the rules. In addition, the fact of his suspension was published as a news item in the local media. Disciplinary counsel questions the fact that respondent did not send out subsequent notices when correspondence was received from lending institutions and former clients who were apparently ignorant of his suspension. In light of the conclusion that respondent did not do any work in response to these letters, further action on his part seems not to be required, albeit desirable.

The testimony established that respondent did issue a certificate of title to a bank for property

which he and his wife conveyed by a general warranty deed when the matter was not handled expeditiously by another attorney. He concluded that this was inappropriate almost immediately and never followed through with the withdrawal of the funds due to him, but instead endeavored to procure a proper certificate of title. The hearing committee was of the opinion that this breach of his obligation not to practice law was not sufficient to warrant the denial of the petition for reinstatement.

The record also establishes that from July of 1975 to August of 1976, respondent and his wife conveyed a number of building lots to purchasers that were subject to a mortgage and a judgment. The judgment holder had agreed not to require any consideration for releases of the lots but the mortgage holder did anticipate receiving a portion of the proceeds. These lots were not collectively released until after October of 1976. Disciplinary counsel asserts that respondent deliberately delayed securing the releases in order to retain the use of the funds that would ultimately be required to be paid to the bank to release its mortgage lien. There is no evidence that these funds were placed in escrow pending the release. If this was indeed respondent's intent, it parallels the attitude he took towards his clients' funds which resulted in his suspension. Respondent, however, stated that he had financed two of the purchases and had not actually received full payment until just before the releases were obtained. The other sales were not for substantial amounts and he claimed that the fact of the conveyances had been disclosed to the bank but that the amount of consideration to be paid for the releases had not been finally agreed upon. The hearing committee apparently accepted respondent's explanation.

Respondent testified at length before the hearing committee. It had an opportunity to observe him firsthand throughout the proceedings. It is obvious that his appearance and the manner in which he testified had a significant bearing upon its decision. It states in finding of fact no. 29 with respect to the petition for reinstatement, "We feel satisfied from the evidence and the demeanor of respondent that he has demonstrated by clear and convincing evidence that he has the moral qualifications, competency and learning in law required for admission to practice law in this Commonwealth . . . " The reading of the bare record might create some doubts with respect to this conclusion, but the hearing committee is the only participant in our procedure with the advantage of the additional dimension provided by the personal appearance of respondent and witnesses and, in the absence of patent abuse of discretion, its findings are entitled to be honored and accorded fullest respect. This is particularly appropriate in the instant case in light of the caliber and reputation of this committee. Therefore, this board concurs in the findings of fact and conclusions of law of the hearing committee with respect to the petition for reinstatement.

Respondent has demonstrated in the past an insensitivity to his obligation not to utilize the funds of others for his own benefit. He has professed that he has learned his lesson, although some of his recent activities suggest that his education in this regard is not complete. As a consequence of his actions, he has been precluded from practicing law for a period of almost one year. He is entitled to the opportunity to resume his practice. He should understand that in the future he will be expected to adhere to the highest standards of the legal profession and that any further misconduct will result in

more severe discipline. The members of his community and his fellow practitioners are fully aware of his past derelictions and it is safe to assume that any future transgressions will promptly be brought to the attention of disciplinary counsel.

## III. RECOMMENDATION

For the reasons set forth above, the Disciplinary Board recommends to your honorable court that respondent be suspended for the period of six months in the matter to no. 13 D.B. 77, said suspension to run concurrently with the suspension imposed by your honorable court to no. 135 Disciplinary Docket no. 1 and further that the petition for reinstatement be granted and that the court direct that the necessary expenses incurred by the board in the investigation and processing of the petition for reinstatement be paid by respondent. The statement of such expenses is appended to this report.

Mr. Reath did not participate in the adjudication.

## ORDER

EAGEN, *C.J.*—And now, December 19, 1977, the recommendation of the Disciplinary Board that [   ] be suspended for the period of six months in the matter at no. 175, Disciplinary Docket no. 1 (Board File no. 13 D.B. 77), said suspension to run concurrently with the suspension imposed by this court at no. 135 Disciplinary Docket no. 1 (board file nos. 37 D.B. 75 & 51 D.B. 75), and further that the petition for reinstatement be granted, is hereby accepted; and it is ordered and decreed that [   ], be, and he is forthwith reinstated to the Bar of the Supreme Court of Pennsylvania and in all the courts under its jurisdiction.

Respondent is directed to pay the necessary expenses incurred in the investigation and processing of the petition for reinstatement.